**MEMORANDUM OPINION**

December 1, 2009

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION**

In re:

SHARON JANE DIXON                                    Case No. 09-32439
                                                     Chapter 7
                    Debtor


BEFORE THE HONORABLE RICHARD STAIR, JR.

UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

    FOR THE DEBTOR:

    ROBERT R. REXRODE, ESQ.
    601 Concord Street, SW, Suite 106
    Knoxville, Tennessee 37919

    CHAPTER 7 TRUSTEE:

    JOHN P. NEWTON, JR., ESQ.
    1111 Northshore Drive, Suite S-570
    Knoxville, Tennessee 37919

1          THE COURT: This contested matter is before me on the Objection to
2   Exemption filed by the Chapter 7 Trustee on July 14, 2009, objecting to the Debtor's
3   claim to a $25,000.00 homestead exemption in her interest in real property located at
4   1105 Yoakum Street in New Tazewell, Tennessee.
5          This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).
6          In Schedule C to her petition, Ms. Dixon claimed her homestead
7   exemption under Tennessee Code Annotated § 26-2-301(f), which provides:
8          Notwithstanding subsection (a) to the contrary, an individual
9          who has one (1) or more minor children in the individual's
10         custody shall be entitled to a homestead exemption not
11         exceeding twenty-five thousand dollars ($25,000) on real
12         property that is owned by the individual and used by the
13         individual as a principle place of residence.
14         The Voluntary Petition commencing Ms. Dixon's Chapter 7 bankruptcy
15  case was filed on April 30, 2009. At that time, she owned the 1105 Yoakum Street
16  property in common with a sister and brother, with Ms. Dixon owning one-half the
17  property and the sister and brother, as I understand the testimony, owning the other
18  half. Residing with Ms. Dixon in the house at the time the case was commenced was
19  her son, who was eighteen years old; her daughter, Melissa, who was twenty-five
20  years old, and Melissa's two minor children, Tearron, I believe the name was, who
21  was five years of age, and Nevaeh, who was two years of age. Melissa is a single
22  parent and has custody of the two children by virtue of the fact that she is their
23  mother. Melissa is in the Reserves, and at least two weeks out of the month, she
24  travels to Georgia to fulfill, or she did at that time, her Reserve obligation. She is
25  paid as a Reservist and, as I understand Ms. Dixon's testimony, when she is not in

1   the Reserves, she is going to school.  She has given the Debtor an authorization dated

2   December 8, 2008, that provides:

3       On 8 December 2008, I, Melissa Dixon, hereby appoint my

4       mother, Sharon J. Dixon, temporary guardianship of my

5       children, Tearron Dixon and Nevaeh Johns.  She will be able to

6       make decisions for medical, dental, register for school and

7       other things that concern the welfare and wellbeing of my

8       children.  I am currently in the US Army Reserves and my

9       duties requires me to leave my children with my mother for

10      their care.

11      A couple of things are readily apparent and that is that at the time the

12  petition was filed, Melissa Dixon resided in the home of Ms. Dixon at 1105 Yoakum

13  Street in New Tazewell, regardless of whether she was on Reserve duty or not, and

14  that is where her principal residence was, that is where she lived with her two

15  children.  Certainly there is no dispute that when she was gone, Ms. Dixon cared for

16  the children, met their needs, took them to whatever events were required, and

17  otherwise looked after them.  The issue is whether that constitutes "custody" under

18  the terms of the statute, and I have considerable difficulty finding that it does because,

19  in my estimation, custody has some sort of legal connotation; if it did not, then it

20  would be very easy for an individual to do some pre-bankruptcy planning and,

21  basically, have a child in your house over the weekend, or for a couple of weeks, take

22  care of them, and then come in here and argue that they have custody for purposes of

23  the $25,000.00 homestead exemption afforded debtors under Tennessee Code

24  Annotated § 26-2-301(f).

25      There is no case in point.  This statute is relatively new.  If one goes to the

1   domestic relations section of the Code, particularly Tennessee Code Annotated

2   §§ 36-6-101 through 112, there are numerous statutes discussing custody.  In

3   particular, Tennessee Code Annotated § 36-6-106 talks about child custody, and I

4   quote just a small portion of it:

5       (a) In a suit for annulment, divorce, separate maintenance, or in

6       any other proceeding requiring the court to make a custody

7       determination regarding a minor child, the determination shall

8       be made on the basis of the best interest of the child.

9   And then there is a litany of criteria that go into the court's determination of an

10  appropriate award of custody.

11      If one goes into the juvenile courts and proceedings, Title 37 of Tennessee

12  Code Annotated § 37-1-102, entitled "Definitions," one will read as follows:

13      (b)  As used in this part, unless the context otherwise requires

14      . . . (7) 'Custodian' means a person, other than a parent or legal

15      guardian, who stands in loco parentis to the child or a person to

16      whom temporary legal custody of the child has been given by

17      order of a court;

18      (8) 'Custody' means the control of actual physical care of the

19      child and includes the right and responsibility to provide for the

20      physical, mental, moral and emotional well-being of the child.

21      'Custody,' as herein defined, relates to those rights and

22      responsibilities as exercised either by the parents or by a person

23      or organization granted custody by a court of competent

24      jurisdiction.  'Custody' shall not be construed as the termination

25      of parental rights set forth in § 37-1-147.  'Custody' does not

exist by virtue of mere physical possession of the child[.]

And that really is what we have here because the mother, Melissa, notwithstanding that she has authorized Ms. Dixon to make certain decisions on behalf of the children when she is on duty in the Reserves, she is the custodial parent of these children. She is their mother. Ms. Dixon is doing what any good grandparent would do, and she is a good grandparent. The children resided with Melissa, their mother, in the Debtor's home and Ms. Dixon takes care for them when the mother is out of town. This does not equate to legal custody and does not give rise to the § 26-2-301(f) $25,000.00 homestead exemption allowable to "an individual who has one (1) or more minor children in the individual's custody." While Ms. Dixon may have "possession" of these children during the period of time Melissa is gone, there has been no legal change of custody. As I said, Ms. Dixon is doing what a good grandparent would do.

It is my conclusion that, as is contemplated by Tennessee Code Annotated §§ 36-6-106 and 37-1-102, the word "custody" as used in § 26-2-301(f) means a court-ordered placement of a minor child under the care and control of the individual claiming the $25,000.00 homestead exemption.

For these reasons, the Trustee's objection will be sustained. The $25,000.00 homestead exemption will be disallowed. The exemption will, however, be allowed under § 26-2-301(a) in the amount of $5,000.00.

This Memorandum constitutes findings of fact and conclusions of law as required by FED. R. CIV. P. 52(a), made applicable to contested matters by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure. I will not ask the court reporter to transcribe my opinion. If it is transcribed at the request of either party, Ms. Dunn will give me a hard copy and I will review it and make such edits as I

1  deem appropriate, after which it will be filed and served on parties.  I will see that an

2  order is entered today.

3  FILED:  December 4, 2009

4                                             /s/ *Richard Stair, Jr.*
                                              RICHARD STAIR, JR.
5                                             U.S. BANKRUPTCY JUDGE

6  Note:

7  This transcript contains the court's edits, corrections, and non-substantive changes to

8  the oral opinion given in open court on December 1, 2009.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25